1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARK M. HENSLEY,

11              Petitioner,              No. CIV S-11-1878 EFB P

12        vs.

13   G. SWARTHOUT, Warden,

14              Respondent.              <u>ORDER</u>

15   _____/

16        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

17   U.S.C. § 2254.  He challenges the decision of the California Board of Parole Hearings ("Board")

18   to deny him parole at a parole consideration hearing held on October 28, 2009.  Dckt. No. 1 at 1.[1]

19   Petitioner claims that the Board's 2009 decision violated his right to due process because it was

20   not supported by some evidence of petitioner's current dangerousness and because the hearing

21   was conducted by a "biased, non-disinterested decisionmaker."  *Id.* at 10.  Petitioner also claims

22   that the Board's decision to defer his next parole suitability hearing for 15 years violated the Ex

23   Post Facto Clause, the Equal Protection Clause, the Due Process Clause, and his Eighth

24   Amendment right to be free from cruel and unusual punishment.  *Id.* at 1, 10.  This proceeding

25   _____

26        [1]  For ease of reference, all references to page numbers in the petition are to those
     assigned via the court's electronic filing system.

1   was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the

2   undersigned pursuant to petitioner's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

3          Petitioner seeks leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a).

4   Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs

5   of suit.  Therefore, the request will be granted.  *See* 28 U.S.C. § 1915(a).  However, for the

6   reasons explained below, the court finds that petitioner's application for a writ of habeas corpus

7   must be dismissed.  *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of

8   habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not

9   entitled to relief in the district court").

10  **I.      Due Process Claim**

11         Petitioner alleges that the Board's 2009 decision violated his right to due process because

12  the hearing was unfair, the Board's reasons for finding him unsuitable for parole were "wholly

13  inadequate," and the "decisionmaker" was not "disinterested."  Dckt. No. 1 at 34-50.  The court

14  will evaluate these claims below.

15         The gist of petitioner's claims is that there was insufficient evidence to support the

16  Board's conclusion that he posed a current danger to society if released from prison.  Under

17  California law, a prisoner is entitled to release unless there is "some evidence" of his or her

18  current dangerousness.  *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re*

19  *Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002).  According to the United States Supreme Court,

20  however, federal habeas review of a parole denial is limited to the narrow question of whether a

21  petitioner has received "fair procedures."  *Swarthout v. Cooke*, 526 U.S. __, ___, 131 S.Ct. 859,

22  862 (2011).  Thus, a federal court may only review whether a petitioner has received a

23  meaningful opportunity to be heard and a statement of reasons why parole was denied.  *Id.*

24  (federal due process satisfied where petitioners were "allowed to speak at their parole hearings

25  and to contest the evidence against them, were afforded access to their records in advance, and

26  ////

1   were notified as to the reasons why parole was denied").  This court may not review whether the

2   Board correctly applied California's "some evidence" standard.  *Id.* at 861.

3        Petitioner does not allege that he was not afforded constitutionally adequate process as

4   defined in *Swarthout* – that is, that he was denied a meaningful opportunity to be heard or a

5   statement of reasons why the Board denied him parole.  Rather, it is clear from the allegations in

6   the petition that petitioner was given the opportunity to be heard at his 2009 parole suitability

7   hearing and received a statement of the reasons why parole was denied.  *See* Dckt. No. 1 at 10-29

8   (petitioner's summary of the 2009 parole suitability hearing, which reflects both petitioner's

9   participation in the hearing and the Board's stated reasons for denying parole).  This is all that

10  due process requires.  *Swarthout*, 131 S.Ct. at 862-63.  Accordingly, petitioner is not entitled to

11  relief on this claim.

12       Petitioner also claims that his parole hearing was conducted by a biased, "non-

13  disinterested" decisionmaker.  Dckt. No. 1 at 10-29.  He argues that the Board, "when acting in

14  their quasi-judicial capacity, must remain a 'neutral and detached' hearing body."  *Id.* at 35.  He

15  contends that the Board members improperly acted as "interrogator and judge" because they

16  "cross-examined" him at the hearing and "deprived him of his liberty interest because they did

17  not personally like the answers he gave."  *Id.* at 36.  Petitioner also complains that the Board

18  allowed the DA to "retry" him through questions at the hearing and "denied him parole because

19  they did not personally like the way he answered the DA questions."  *Id.*  He argues that there

20  was no connection between the facts discussed at the hearing and the Board's unfavorable

21  suitability decision.  *Id.*  Petitioner explains that the reasons given by the Board for its decision

22  were not supported by the record.  *Id.* at 38-50.  He states, without elaboration, that the Board

23  harbored "personal biases and predispositions."  *Id.* at 42.

24       To the extent petitioner is challenging the Board's 2009 decision on the basis that there

25  was insufficient evidence presented at the hearing to demonstrate he posed a current danger to

26  society, he is not entitled to relief for the reasons stated above.

It is true that California inmates have a due process right to parole consideration by neutral decision-makers. *See O'Bremski v. Maass*, 915 F.2d 418, 422 (9th Cir. 1990) (an inmate is "entitled to have his release date considered by a Board that [is] free from bias or prejudice"). Accordingly, parole board officials owe a duty to potential parolees "to render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at stake." *Id.* (quoting *Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981)). Indeed, "a fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133, 136 (1955). Petitioner is therefore correct that he was entitled to have his parole release date considered by a Board that was free of bias or prejudice. However, petitioner's allegations fall far short of demonstrating that the Board in general, or any individual member of the Board, was biased against him at the time of his parole hearing in 2009. The fact that the Board questioned him about the crime and allowed the District Attorney to ask questions does not, without more, demonstrate bias. Nor does the fact that the Board was dissatisfied with his answers to these questions. Petitioner has failed to state a cognizable claim that the Board was not impartial. Accordingly, that claim will be dismissed.

## II.    Ex Post Facto Claim

Petitioner also claims the Board violated the Ex Post Facto Clause by denying him parole for fifteen years pursuant to Marsy's Law. Dckt. No. 1 at 51. As discussed below, the court finds this claim should be dismissed because petitioner is already a member of a class action – *Gilman v. Fisher*, No. Civ. S-05-830 LKK GGH – which addresses this issue.[2]

Marsy's Law, approved by California voters in November 2008, amended California's law governing parole deferral periods. *See Gilman v. Davis*, 690 F. Supp. 2d 1105, 1109-13 (E.D. Cal. 2010) (granting plaintiffs' motion for preliminary injunction to enjoin enforcement of Marsy's Law, to the extent it amended former California Penal Code section 3041.5(b)(2)(A)),

---

[2]A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1   *rev'd sub nom. Gilman v. Schwarzenegger*, 638 F.3d 1101 (9th Cir. 2011).  Prior to Marsy's

2   Law, the Board deferred subsequent parole suitability hearings to indeterminately-sentenced

3   inmates for one year unless the Board determined it was unreasonable to expect that parole could

4   be granted the following year, in which case the Board could defer the subsequent parole

5   suitability hearing for up to five years.  Cal. Pen. Code § 3041.5(b)(2) (2008).  Marsy's Law,

6   which applied to petitioner at his 2009 parole suitability hearing, amended section 3041.5(b)(2)

7   to impose a minimum deferral period of three years, and to authorize the Board's deferral of a

8   subsequent parole hearing for up to seven, ten, or fifteen years.  *Id.* § 3041.5(b)(3) (2010).

9        The Constitution provides that "No State shall . . . pass any . . . ex post facto Law."  U.S.

10  Const. art. I, § 10.  A law violates the Ex Post Facto Clause of the United States Constitution if

11  it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a

12  crime's punishment greater than when the crime was committed; or (3) deprives a person of a

13  defense available at the time the crime was committed.  *Collins v. Youngblood*, 497 U.S. 37, 52

14  (1990).  The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of

15  crimes or increase the punishment for criminal acts."  *Himes v. Thompson*, 336 F.3d 848, 854

16  (9th Cir. 2003) (quoting *Souch v. Schaivo*, 289 F.3d 616, 620 (9th Cir. 2002)).  *See also Cal.*

17  *Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995).  The Ex Post Facto Clause is also violated

18  if: (1) state regulations have been applied retroactively; and (2) the new regulations have created

19  a "sufficient risk" of increasing the punishment attached to the crimes.  *Himes*, 336 F.3d at 854.

20  The retroactive application of a change in state parole procedures violates ex post facto only if

21  there exists a "significant risk" that such application will increase the punishment for the crime.

22  *See Garner v. Jones*, 529 U.S. 244, 259 (2000).

23       In a class action for injunctive relief certified under Rule 23(b)(2) of the Federal Rules of

24  Civil Procedure, a court may, but is not required, to permit members to opt-out of the suit.

25  *Crawford v. Honig*, 37 F.3d 485, 487 n.2 (9th Cir. 1994).  In certifying the *Gilman* class, the

26  district court found that plaintiffs satisfied Rule 23(a) and Rule 23(b)(2)'s requirement that "the

1 party opposing the class has acted or refused to act on grounds that apply generally to the class,

2 so that final injunctive relief or corresponding declaratory relief is appropriate respecting the

3 class as a whole." *See Gilman v. Fisher*, No. Civ. S-05-830 LKK GGH ("*Gilman*"), Dckt. No.

4 182 (March 4, 2009 Order certifying class pursuant to Rule 23(b)(2) of the Federal Rules of

5 Civil Procedure), Dckt. No. 257 (June 3, 2010 Ninth Circuit Court of Appeals Memorandum

6 affirming district court's order certifying class).  According to the district court in *Gilman*, its

7 members "may not maintain a separate, individual suit for equitable relief involving the same

8 subject matter of the class action." *Gilman*, Dckt. No. 296 (December 10, 2010 Order) at 2; *see*

9 *also* Dckt. No. 278 (October 1, 2010 Order), Dckt. No. 276 (September 28, 2010 Order), Dckt.

10 No. 274 (September 23, 2010 Order).

11      One of the plaintiffs' claims in *Gilman* is that Marsy's Law's amendments to section

12 3041.5(b)(2) regarding parole deferral periods violates the Ex Post Facto Clause because "when

13 applied retroactively, [they] create a significant risk of increasing the measure of punishment

14 attached to the original crime." *Gilman*, Dckt. No. 154-1 (Fourth Amended/Supplemental

15 Complaint), Dckt. No. 183 (March 4, 2009 Order granting plaintiff's motion for leave to file

16 Fourth Amended/Supplemental Complaint).  With respect to this ex post facto claim, the class in

17 *Gilman* is comprised of  "all California state prisoners who have been sentenced to a life term

18 with possibility of parole for an offense that occurred before November 4, 2008." *Gilman*, Dckt.

19 No. 340 (April 25, 2011 Order amending definition of class).  The *Gilman* plaintiffs seek

20 declaratory and injunctive relief, including a permanent injunction enjoining the Board from

21 enforcing Marsy's Law's amendments to section 3041.5(b) and requiring that the Board conduct

22 a new parole consideration hearing for each member of the class. *Gilman*, Dckt. No. 154-1

23 (Fourth Amended/Supplemental Complaint) at 14.

24      Here, petitioner alleges he is a California state prisoner who was sentenced to a life term

25 with the possibility of parole for an offense that occurred before November 4, 2008.  Accepting

26 petitioner's allegations as true, he is a member of the *Gilman* class.  Petitioner asks the court to

1    issue a writ of habeas corpus, but even if the court found that the Board's fifteen-year deferral of

2    petitioner's next parole suitability hearing violated the Ex Post Facto Clause, it would not entitle

3    petitioner to release on parole.  Because the ex post facto claim concerns only the *timing* of

4    petitioner's next suitability hearing, success on this claim would not necessarily result in

5    determinations that petitioner is suitable for parole and should be released from custody.  Rather,

6    petitioner's equitable relief would be limited to an order directing the Board to conduct a new

7    parole suitability hearing and enjoining the Board from enforcing any unconstitutional

8    provisions of Marsy's Law.  This is the same relief petitioner would be entitled to as a member

9    of the *Gilman* class action.  *See Gilman*, Dckt. No. 154-1 (Fourth Amended/Supplemental

10   Complaint) at 14.

11          Accordingly, the court finds that petitioner's rights will "be fully protected by his

12   participation as a class member" in *Gilman*, and will therefore dismiss petitioner's ex post facto

13   claim.  *See Crawford v. Bell*, 599 F.2d 890, 892 (9th Cir. 1979); *see also McNeil v. Guthrie*, 945

14   F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from

15   alleged unconstitutional prison conditions cannot be brought where there is an existing class

16   action."); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) ("To allow

17   individual suits would interfere with the orderly administration of the class action and risk

18   inconsistent adjudications.").

19   **III.    Equal Protection**

20          Petitioner alleges, without elaboration, that the Board's 2009 parole suitability hearing

21   violated his right to equal protection.  Dckt. No. 1 at 51.  Petitioner's claim in this regard is

22   unsupported by any factual allegations and is vague and conclusory and should be dismissed on

23   that basis.  *See Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) ("'[c]onclusory allegations

24   which are not supported by a statement of specific facts do not warrant habeas relief'") (quoting

25   *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)).  In any event, petitioner has failed to state a

26   cognizable claim for relief.

1    A petitioner raising an equal protection claim in the parole context must demonstrate that

2    he was treated differently from other similarly situated prisoners and that the Board lacked a

3    rational basis for its decision. *McGinnis v. Royster*, 410 U.S. 263, 269-70 (1973); *McQueary v.*

4    *Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991).  Petitioner has failed to allege that the Board

5    violated his equal protection rights by applying a different suitability standard to him than  to

6    others similarly situated, or that any other inmate who was similarly situated to him was granted

7    a parole date.  Accordingly, petitioner's equal protection claim will be dismissed.

8    **IV.  Eighth Amendment**

9    Petitioner claims, without elaboration, that the Board's decision to defer his next parole

10   suitability hearing for 15 years violated the Eighth Amendment proscription against cruel and

11   unusual punishment.  Dckt. No. 1 at 10, 32, 34, 52.  As in the claim above, petitioner's Eighth

12   Amendment claim is unsupported by any factual allegations and is vague and conclusory and

13   should be dismissed on that basis.

14   Petitioner may be arguing that the Board's decision to defer his next parole hearing

15   pursuant to Marsy's Law essentially increased his sentence by fifteen years, and that the

16   increased sentence is unduly harsh, in violation of the Eighth Amendment.  *See* Dckt. No. 1 at

17   10, 48.  This argument fails to state a cognizable habeas claim and should therefore be dismissed.

18   Petitioner committed second degree murder and was sentenced to an indeterminate life

19   term.  The United States Supreme Court has upheld the constitutionality of indeterminate life

20   sentences with the possibility of parole after a specified period of time under the Eighth

21   Amendment.  *See Lockyer v. Andrade*, 538 U.S. 63 (2003) (affirming a "Three Strikes" sentence

22   of two consecutive 25 year-to-life imprisonment terms for a petty theft with a prior conviction

23   involving theft of $150.00 worth of videotapes); *Ewing v. California*, 538 U.S. 11 (2003)

24   (holding that a "Three Strikes" sentence of 25 years-to-life in prison imposed on a grand theft

25   conviction involving the theft of three golf clubs from a pro shop was not grossly

26   disproportionate and did not violate the Eighth Amendment).  Petitioner's sentence was not

greater that than permitted by state law.  *Cf. Whalen v. United States*, 445 U.S. 684, 689-90 n.4

(1980) (a sentence in excess of that provided by state law may violate federal due process

rights).  Further, a fifteen year interval between parole eligibility hearings does not violate

petitioner's imposed sentence or increase the length of his sentence.  Petitioner's indeterminate

life sentence contemplates that he will remain in prison for life, unless he demonstrates that he is

suitable for parole.  *See In re Dannenberg*, 34 Cal.App.4th 1061, 1097-98 (2005); *In re Honesto*,

130 Cal.App.4th 81, 92-93 (2005).  For the foregoing reasons, petitioner's Eighth Amendment

claim lacks a factual and legal basis and should be dismissed.

**V.      Conclusion**

        Based on the foregoing, the court concludes that the petition should be summarily

dismissed for failure to state a cognizable claim.  There is no basis for concluding that a tenable

claim for relief could be pleaded if leave to amend were granted.  *See Jarvis v. Nelson*, 440 F.2d

13, 14 (9th Cir. 1971) (petition for habeas corpus should not be dismissed without leave to

amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).

        Accordingly, it is hereby ORDERED that:

        1. Petitioner's request for leave to proceed *in forma pauperis* is granted;

        2. Petitioner's application for a writ of habeas corpus is dismissed;

        3. The Clerk is directed to close the case;

        4. The Court declines to issue a certificate of appealability; and

        5. The Clerk of the Court shall serve a copy of this order together with a copy of

petitioner's July 1, 2011 petition for a writ of habeas corpus with any and all attachments on

Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

DATED:  December 13, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9